**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **TONNETTE P. TRIPLETT,** | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 C 4382 |
| | ) | |
| v. | ) | **Magistrate Judge Jeffrey Cole** |
| | ) | |
| **CAROLYN W. COLVIN, Commissioner** | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**A.**

On October 1, 2014, the parties filed an "Emergency Joint Motion For An Indicative Ruling On A Motion For Relief That Is Barred By A Pending Appeal Pursuant To Federal Rule Of Civil Procedure 62.1(a)(3)." [Dkt. 47]. The Rule provides that:

> if a *timely* motion *is made* for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion;
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises substantial issues.

Fed.R.Civ.P. 62.1(a)(emphasis supplied).

At the outset, it should be noted that the two-and-a-half page motion is skeletal and uninformative. It cites not a single case under the rules on which it relies, and points to no case in which a district judge

has granted relief on so skeletal a motion – or indeed, pursuant to any motion like that filed here. Although Rule 60(b) is adverted to, the motion does not specify which section of the Rule it will be relying on. That alone is enough to deny the motion. *See Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011). Nor does the motion attempt to explain why 11 months after the entry of judgment this court should grant a remand in light of the requirement of Rule 60(c) that the motion be made within a "reasonable time" after entry of judgment. And the terse motion did not pause to refer to any rule of appellate procedure or any Seventh Circuit Rule. Finally, consistent with the Commissioner's overall approach, the motion did not make any attempt to explain why it qualified as an emergency.[1]

It was not until the hearing on the motion and then only in response to questions by the court that the lawyers for the Commissioner identified the section of Rule 60(b) on which they were relying – 60(b)(6)-- and they disclosed the emergency as the imminency of the oral argument – which is set for Thursday, October 9, 2014. But the catch-all provision of Rule 60(b)(6) requires a showing of "'extraordinary circumstances'" justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). The motion points to no such circumstances here. As far as one can tell from the motion, the Commissioner has merely had a change of heart. That's not covered by the Rule. *See Edwards-Brown v. Crete-Monee 201-U School Dist.*, 491 Fed.Appx. 744, 747 (7th Cir. 2012)(relief

---

[1] Given its uninformative and superficial structure, the motion perhaps could have been denied pursuant to the consistently followed rule that perfunctory, skeletal, conclusory, and unsupported motions are waived. *See, e.g., Massuda v. Panda Exp., Inc.* 759 F.3d 779, 783-784 (7th Cir. 2014); *United States v. Beavers,* 756 F.3d 1044, 1059 (7th Cir. 2014); *C & N Corp. v. Gregory Kane & Illinois River Winery, Inc.*, 756 F.3d 1024, 1026 (7th Cir. 2014); *Price v. Board of Educ. of City of Chicago,* 755 F.3d 605, 608 (7th Cir. 2014); *Puffer v. Allstate Ins. Co.,* 675 F.3d 709, 718 (7th Cir.2012); *Mahaffey v. Ramos,* 588 F.3d 1142, 1146 (7th Cir.2009).

not available when party made a decision they now regret); *Nelson*, 657 F.3d at 590 (relief not available for a tactical decision); *McCormick v. City of Chicago*, 230 F.3d 319, 327–28 (7th Cir.2000) (relief not available for a party's deliberate choice).[2]

The motion states generally that every aspect of the case will be reevaluated, including the ALJ's purported failure to assess the effects of the plaintiff's obesity. That issue, however, was waived by plaintiff's counsel, when in his brief before this court, he referenced obesity offhandedly, only to the extent that counsel noted that the ALJ had mentioned it as a severe impairment in his opinion. [Dkt. 22, at 7-8]. Plaintiff's counsel never brought it up again, and certainly made no claim that obesity affected plaintiff's ability to work. *See Mueller v. Colvin*, 524 Fed.Appx. 282, 286 (7th Cir. 2013)(ALJ's failure to discuss obesity harmless error where plaintiff did not explain how it affected her condition and rendered her disabled); *Prochaska v. Barnhart*, 454 F.3d 731, 737 (7th Cir.2006)(same). Indeed, he made no argument regarding obesity whatsoever.

The Seventh Circuit has consistently held that any arguments not presented in the district court are waived. *Thompson v. Colvin*, 2014 WL 3805470, 6 (7th Cir. 2014); *Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013); *Skarbek v. Barnhart*, 390 F.3d 500, 505 (7th Cir. 2004). This is perfectly consistent with the general rule of appellate procedure that arguments not raised below are waived on appeal. *King v. Kramer*, 763 F.3d 635 (7th Cir. 2014).

Finally, as already noted, Rule 62.1 requires that a motion for relief be timely; Rule 60(b) requires that a motion be made within a "reasonable time." What constitutes a "reasonable time" depends on the

---

[2] Given the Commissioner's consistent refusal over a number of years to grant relief to the plaintiff, one would have expected to find an explanation for this sudden *volte face.*

facts of each case. *Ingram v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 371 F.3d 950, 952 (7th Cir. 2004). "Although '[t]here is no hard and fast rule as to how much time is reasonable for the filing of a Rule 60(b)(6) motion,' we look at 'the interest in finality, the reasons for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties.'" *Ingram*, 371 F.3d at 952 (quoting *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir.1986)). Here, the motion makes no attempt to explain the delay, and the Commissioner had more than ample time to act at any point in the previous five years. Waiting until the week before oral argument would not seem reasonable, absent some explanation. The Commissioner gave no persuasive explanation other than to say recent cases had dictated that a fresh look be taken of the case. *See infra* at 6.

The Commissioner's unexplained change of position in the motion comes nearly a year after the Commissioner's motion for summary judgment was granted. It will be recalled that the motion comes five years after the plaintiff applied for Supplemental Security Income. During that period, the Commissioner has denied the plaintiff's claim four times. The claim was denied initially and on reconsideration. It was then denied by an administrative law judge who conducted a hearing and poured over a 328-page record. And then it was denied by the Appeals Council.[3]

The plaintiff then filed a lawsuit hoping to overturn the denial. The Commissioner then took two

---

[3] The court is well aware of the purposes of the Social Security Act. But the fact remains that the ALJ found that the plaintiff was not a credible witness. [Dkt. 38, at 17-20]. And it certainly would not appear that that assessment by the ALJ was "patently wrong." The plaintiff mischaracterized evidence. [Dkt. 38, at 3 n.2, 16]. She mischaracterized the ALJ's opinion. [Dkt. 38, at 18, 19 n.4, 21]. The mental health professionals she saw regularly were grooming her for job interviews and employment [Dkt. 38, at 15-16, 19-20], but she presented a different side to those who could assist her in getting "what she had coming." [Dkt. 38, at 19-20]. None of this is adverted to in the Commissioner's motion which inexplicably seeks a do over of every aspect of the case.

months to file an answer. The parties then spent four months briefing this case and the ruling finally came ten months later. Through it all, the Commissioner stood her ground. The matter has now been on appeal to the Seventh Circuit for another nine months. It certainly can be argued that the motion was not filed in a "reasonable time." *See* Fed.R.Civ.P. 60(c); *Bryant v. General Packaging Products, Inc.*, 492 Fed.Appx. 697, 698 (7th Cir. 2012)(movant failed to explained how its motion could be considered to have been filed within a reasonable time); *United States v. Moorehead*, 321 Fed.Appx. 512, 513-514 (7th Cir. 2009)("In the absence of any persuasive reasons for his delay, the district court did not abuse its discretion in concluding that the delay was unreasonable.").

## C.

It was not until the hearing on the motion when the above concerns were expressed by the court that the Commissioner's lawyers said that two district judges (Judge Crabb and Judge McCluskey) in three separate cases had granted virtually identical motions for relief under Rule 62.1(a)(3) and that the Seventh Circuit had approved those orders and remanded the cases to the district court.[4] *See Jalali v. Colvin,* [Dkt. 50-1 at 12]; *Fitzpatrick v. Colvin*, [Dkt. 50-1 at page 27]; *Halverson v. Astrue*, (Posner, J.) [Dkt. 50-1 at page 38]. I ordered the Commissioner to immediately file on the docket the district court orders and related motions in those cases and the related orders of the Court of Appeals. They have done so. [*See* Dkt. 50].

---

[4] When asked why the motion made no reference to these cases and failed to append as exhibits the orders entered by the judges in those cases, the Commissioner's representative had no answer other than to say that he was "sorry that the motion did not live up to my standards."

When asked why this was an emergency motion, I was told that the emergency was that the case is being argument next Thursday. Why a motion was not filed long before now the Commissioner's representatives did not explain.

And for the first time, the Commissioner specified Rule 60(b)(6) as the basis for the relief it was seeking. That section provides that a court may relieve a party from a final judgment, order or proceeding for "any other reason [aside from those listed in 60(b)(1)-(5)] that justifies relief." It was the Commissioner's position that a change in the law qualifies under Rule 60(b)(6) and that there has been what he claimed was a drastic change in the law governing this case in the last few months. None were cited in the motion. I instructed the Commissioner to file a list of the cases he claims constitute this sea change. He has done so. [Dkt. 50-2]. Of the six cases, three were decided in July, two in August and one in September. Moreover, *Nash v. Hepp,* 740 F.3d 1075, 1078-1079 (7th Cir. 2014) holds that a change in the law is not an extraordinary circumstance under Rule 60(b)(6). *See also Gonzalez v. Crosby,* 545 U.S. 524, 536 (2005); *Hill v. Rios,* 722 F.3d 937, 938 (7th Cir.2013) ( 'Rule 60(b) cannot be used to reopen the judgment in a civil case just because later authority shows that the judgment may have been incorrect.'); *Norgaard v. DePuy Orthopaedics, Inc.,* 121 F.3d 1074, 1078 (7th Cir.1997).

**D.**

Seventh Circuit Rule 57, captioned "Remands For Revision of Judgment" provides:

> A party who during the pendency of an appeal has filed a motion under Fed.R.Civ.P. 60(a) or 60(b), Fed.R.Crim. P. 35(b), or any other rule that permits the modification of a final judgment, should request the district court to indicate whether it is inclined to grant the motion. If the district court so indicates, this court will remand the case for the purpose of modifying the judgment. Any party dissatisfied with the judgment as modified must file

a fresh notice of appeal.[5]

As explained at the outset, there is no Rule 60(b) motion on file. There is only a motion pursuant to F.R.C.P. 62.1(a), and that also requires a timely motion under Rule 60(b). To grant the motion, the Commissioner's oral explanation must be treated as the Rule 60(b) motion.

## CONCLUSION

Given the rulings by two respected district judges in the three cases discussed above and the orders in all three cases by the Court of Appeals, I have concluded that the Commissioner's motion in this case can be granted. I would be inclined to grant the parties' motion for relief for judgment if this cause were returned to this court by the Court of Appeals.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 10/6/14

---

[5]Remands are obviously not automatic merely because parties agree to a remand.